**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM BOSWELL,

      Plaintiff-Appellant,

v.

COLLOID ENVIRONMENTAL
TECHNOLOGIES COMPANY,
doing business as CETCO;
AMCOL INTERNATIONAL
CORPORATION; AMERICAN
COLLOID COMPANY,

      Defendants-Appellees.

No. 06-8043
(D.C. No. 05-CV-158-WCB)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff William Boswell appeals the district court's[1] order granting summary judgment in favor of defendants on his claims of negligence and premises liability. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

Mr. Boswell, a Nevada citizen, was employed by Freedom Trucking and F & L Trucking (Freedom) as a commercial truck driver. Defendant Colloid Environmental Technologies Co. (CETCO)[2] hired Freedom as an independent contractor to transport a shipment of BentoMat, a bentonite product, from CETCO's plant in Lovell, Wyoming, to a destination in California. On September 27, 2001, Mr. Boswell arrived at the CETCO plant to pick up the BentoMat. After signing a safety form that required, among other things, all loads to be covered, Mr. Boswell drove his truck to the loading dock where CETCO employees placed the rolls of BentoMat on his flatbed trailer. From there, Mr. Boswell went to the designated tarping area where he climbed on top of the load and began covering the load with tarps he carried with the trailer. While doing so, he fell from the top of the trailer and sustained severe, permanent injuries.

---

[1] The parties agreed to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[2] Defendant American Colloid Co. (ACC) processes clay into bentonite that it sells to CETCO. Defendant AMCOL International Corp. is the parent corporation of ACC and CETCO. We refer to all defendants collectively as "CETCO."

-2-

Mr. Boswell filed suit alleging that defendants were liable for his injuries based on negligence and premises-liability theories. The district court granted summary judgment in favor of CETCO, holding that the undisputed facts demonstrated that CETCO did not control how Mr. Boswell tarped his load, and therefore, CETCO did not owe him a duty of care. In addition, the court determined that the evidence did not show that CETCO affirmatively assumed duties of safety to Mr. Boswell in order to create a duty of care. Later, the court denied Mr. Boswell's motion for reconsideration, a ruling that has not been appealed and is not before us.

On appeal, Mr. Boswell argues that the district court erred in holding that CETCO did not owe him a duty of care. He maintains that CETCO owed him such a duty because it exercised control over the hazard that caused his injuries.[3] He also challenges the district court's conclusion that the existence of disputed material facts as to the degree to which CETCO had fall protection available was irrelevant in the absence of a legal duty of care.

*Discussion*

Mr. Boswell brought suit in a Wyoming federal court invoking diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, we apply the substantive law of Wyoming, the forum state. *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d

---

[3]     Mr. Boswell has abandoned on appeal his collateral-estoppel argument.

703, 709 (10th Cir. 2005). "We review the district court's determination of [Wyoming] law de novo." *Kysar v. Amoco Prod. Co.*, 379 F.3d 1150, 1155 (10th Cir. 2004).

We also review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Lanman v. Johnson County*, 393 F.3d 1151, 1154-55 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The district court thoroughly analyzed Wyoming law governing Mr. Boswell's claims. After reviewing the record, the briefs, and the relevant authorities, we find no error in the district court's analysis or judgment. We therefore affirm for the reasons given by the district court in its Order on Parties' Cross-Motions for Summary Judgment filed May 9, 2006.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-4-